UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

SHENZHEN TOPBAND CO., LTD.                     Index No.

                              Plaintiff,

              -against-                        **CV10-5686**
                                               **COMPLAINT**

OCEAN COMMUNICATION INC., and                  **(JURY TRIAL DEMANDED)**
YUE ZHONG a/k/a CHARLIE ZHONG
                                               **SPATT, J.**
                              Defendants.
                                               **LINDSAY, M.J.**
----------------------------------------------------------------X

1.     This is a lawsuit to recover from Defendant the past due payments owed

to Plaintiff under applicable State and Federal Law.


                    **JURISDICTION AND VENUE**


2.     This court has subject matter jurisdiction over the within civil action

pursuant to 28 U.S.C. §§ 1331, and 1332(a) where the civil action arises under the laws of the

United States, and the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and it is between one foreign corporation (Plaintiff) and one corporation of

New York (defendant).


3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.


1

## THE PARTIES

4.      Plaintiff SHENZHEN TOPBAND CO., LTD. ( "Plaintiff"), is a foreign corporation duly organized and existing under the laws of the People's Republic of China. Plaintiff has its principal place of business at Topband Industrial Park, Baoan district, Shenzhen City, China.

5.      Defendant, THE OCEAN COMMUNICATION INC. ( "Ocean Communication") is, upon information and belief, a corporation organized and existing under the laws of the State of New York.   Ocean Communication has its principal place of business at 61 Willoughby Avenue, Hicksville, New York, 11801-1338 listed with New York State's Department of State.

6.      Defendant, Yue Zhong a/k/a Charlie Zhong ("Zhong"), is an individual residing at the state of New York and working as a manager for Ocean Communication with his place of employment at 2037 Jericho Turnpike, New Hyde Park, New York, 11040.

## AS AND FOR PLAINTIFF'S
## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

7.      Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 6 inclusive, with the same force and effect as if fully set forth at length herein.

2

8.      Between April 2009 and January 2010 inclusive, Ocean Communication submitted purchase orders to Plaintiff for the sale and delivery of goods, wares and merchandise, including security cameras and video recorders.   Ocean Communication agreed to buy the security cameras and video recorders from Plaintiff and Ocean Communication would make payments upon receipt of the merchandise.

9.      During said period, Plaintiff sold and delivered the goods, wares and merchandise to Ocean Communication at its specific instruction and request for a total price of $290,342.00, and Ocean Communication accepted the delivery of the merchandise.

10.     Ocean Communication made payments on account in the combined amount of $56,900.00, leaving an unpaid balance due and owing in the amount of $233,442.00. The transactions involved were memorialized in a series of invoices, which in the aggregate constitute the agreement between Plaintiff and Ocean Communication (the "Contract").

11.     Ocean Communication breached the Contract.

12.     As a result, Plaintiff incurred damages in an amount no less than $233,442.00.

## AS AND FOR PLAINTIFF'S
## SECOND CAUSE OF ACTION:
## <u>BREACH OF IMPLIED-IN-FACT CONTRACT</u>

13.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 12 inclusive, with the same force and effect as if fully set forth at length herein.

14.     The facts and circumstances of this case demonstrate that the parties intended to operate under a set course of dealing. The parties intended for there to be a binding contract between them.

15.     Ocean Communication requested Plaintiff to ship the merchandises to it for which Plaintiff expected to be paid.  Ocean Communication benefited from Plaintiff's performance.

16.     This implied contract in fact governed the parties' actions.

17.     By virtue of non-payment, Ocean Communication has breached its implied-in-fact contractual obligations to Plaintiff, and thus Plaintiff is entitled to damages to be determined by this Court.

4

## AS AND FOR PLAINTIFF'S
## THIRD CAUSE OF ACTION:
## <u>UNJUST ENRICHMENT</u>

18.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 17 inclusive, with the same force and effect as if fully set forth at length herein.

19.     Ocean Communication accepted and sold the merchandise shipped by Plaintiff without remitting the full payment to Plaintiff.   By such action, Ocean Communication has been unjustly enriched at the expense of Plaintiff.

20.     Plaintiff is entitled to damages to be determined at trial.

## AS AND FOR PLAINTIFF'S
## FOURTH CAUSE OF ACTION:
## BREACH OF COVENANT OF
## <u>GOOD FAITH AND FAIR DEALING</u>

21.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 20 inclusive, with the same force and effect as if fully set forth at length herein.

22.     Ocean Communication has failed to observe the reasonable commercial standards of fair dealing in the industry.

5

23.     Ocean Communication has not taken reasonable efforts towards meeting its contractual obligations under the parties' contract.

24.     Ocean Communication has injured and prejudiced the rights of Plaintiff.

25.     By virtue of Ocean Communication's breach of its implied covenant of good faith and fair dealing under the contract, Plaintiff is entitled to damages to be determined by this Court at trial.

### AS AND FOR PLAINTIFF'S
### FIFTH CAUSE OF ACTION:
### AN ACCOUNT STATED

26.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 24 inclusive, with the same force and effect as if fully set forth at length herein.

27.     That an account was taken and stated between Plaintiff and Ocean Communication which showed a balance of $233,442.00 due and owing by Ocean Communication to Plaintiff.

28.     That no part of the sum of $233,442.00 has been paid, although duly demanded.

6

29.     Plaintiff is entitled to damages in the amount of $233,442.00.


### AS AND FOR PLAINTIFF'S
### FIFTH CAUSE OF ACTION:
### AN ACTION FOR THE PRICE UNDER UCC §2-709


30.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 29 inclusive, with the same force and effect as if fully set forth at length herein.


31.     Ocean Communication failed to pay Plaintiff for the price of the aforesaid merchandise it accepted when it became due.   Accordingly, pursuant to UCC §2-709, Plaintiff is entitled to recover the price of the goods plus incidental expenses.


32.     The price of the accepted merchandise is $290,342.00.   After applying payments on account there remains a balance due and owing on the price of the goods in the amount of $233,442.00.


33.     Plaintiff is therefore entitled to recover an amount of $233,442.00, plus incidental expenses to be proved at trial, together with interest and costs.


7

## AS AND FOR PLAINTIFF'S
## SIXTH CAUSE OF ACTION:
## AN ACTION FOR FRAUD IN THE INDUCEMENT

34.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 33 inclusive, with the same force and effect as if fully set forth at length herein.

35.     At several times when Ocean Communication ordered new shipments from Plaintiff, Zhong, manager of Ocean Communication, represented to Plaintiff that (i) it has sufficient funds to cover both the current shipment and the previous unpaid merchandize, and (ii) all amounts due Plaintiff would be paid after the current order was fulfilled.

34.     Upon information and belief, the representations made by Zhong as set forth above were untrue and known to be untrue or recklessly made by Zhong.

35.     Upon information and belief, the misrepresentations were made by Zhong with the intent to deceive Plaintiff and to induce Plaintiff to transfer the said merchandize to Ocean Communication without receiving any consideration.

36.     Plaintiff relied on such misrepresentations to its detriment and shipped said merchandize to Ocean Communication in reliance thereon.

8

38.     As a direct result of Ocean Communication' misrepresentations, Plaintiff was damaged in the total amount of $233,442.00.

39.     As a result of Zhong's fraud in the inducement, Plaintiff is entitled to judgment against Zhong in an amount no less than $233,442.00.


**WHEREFORE**, Plaintiff prays for a judgment as follows:

a) on the First, Second, Third, Fourth, and Fifth Causes of Action, as against Ocean Communication in an amount no less than $233,442.00;

b) on the Sixth Cause of Action, as against Zhong in an amount no less than $233,442.00;

c) together with disbursements of the litigation costs and expenses, including attorney's fees and such other and further relief as the Court may deem just and reasonable.


Dated:     Flushing, New York
           December 1, 2010

                              Yours, etc.

                              DAI & ASSOCIATES, P.C.


          By:     _____
                  Gary L. Donoyan (GD 7542)
                  Attorneys for Plaintiff
                  136-20 38th Avenue, Suite 9F
                  Flushing, New York 11354
                  (718) 888-8880


9

VERIFICATION

STATE OF NEW YORK    )
                    )  ss.:
COUNTY OF QUEENS    )


      Heping Cai, being duly sworn, deposes and says to be true and correct, under the penalties of perjury, the following:

      I am the general manager of the plaintiff CCTV Business Division of SHENZHEN TOPBAND CO., LTD. in the within action who is duly authorized to sign this verification and have read the foregoing Complaint and know the contents thereof. The same are true and correct to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

                                     Heping Cai

Sworn to before me this
26th Day of November, 2010

Notary Public

DAWEI GONGSUN
NOTARY PUBLIC STATE OF NEW YORK
NO. 02GO6112984
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JULY 19, 20/2